IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| JOSHUA DeBERNARDIS, individually and on behalf of all others similarly situated , | |
| Plaintiff, | Case No. 17 C 6125 |
| v. | Judge Harry D. Leinenweber |
| NBTY, INC., and UNITED STATES NUTRITION, INC., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### A. BACKGROUND

The Plaintiff, Joshua DeBernardis ("JB"), is attempting to bring a nationwide class action seeking monetary damages and injunctive relief against the distributor of a dietary supplement. The four-count Complaint alleges that Defendants made false and misleading claims concerning the beneficial effects of the product. Count I alleges violations of state consumer fraud acts on behalf of a multi-state class; Count II alleges violation of the Illinois Consumer Fraud Act on behalf of Illinois purchasers; Count III alleges violations of Express Warranty on behalf of the nation-wide class, and Count IV alleges unjust enrichment on behalf of the nation-wide class.

Defendants make four challenges against Plaintiff's Complaint: (1) most important, Defendants claim that this Court does not have jurisdiction to hear the case involving non-resident class of plaintiffs based on the recent Supreme Court case *Bristol-Myers Squibb Co. v. Superior Court of California,* 137 S.Ct. 1773 (June 19, 2017) (This involves Counts I, III and IV); (2) Plaintiff lacks Article III standing to claim injunctive relief (Count III); (3) Plaintiff failed to allege that he gave pre-suit notice to Defendants of his breach of warranty claim; and (4) his claim for unjust enrichment fails for the national class for the same reason as his nationwide consumer fraud claim as alleged in Count I fails.

## II. DISCUSSION

### A. Out-of-State Plaintiffs

The main issue to be decided in this Motion is the applicability of *Bristol-Myers* to this putative nationwide class action. In that case, a group of plaintiffs, most of whom were not California residents, brought product liability actions against Bristol-Myers Squibb in California state court. The complaints alleged that Plavix, a prescription drug manufactured by Bristol-Myers, damaged their health. Bristol-Myers is a large company incorporated in Delaware and headquartered in New York. It also engages in business activity in other

- 2 -

jurisdictions including California. Among other activities, Bristol-Myers sells Plavix in California.

The plaintiffs, consisting of 86 California residents and 592 residents from 33 other states, filed 8 separate complaints in California Superior Court. There was no claim that the non-resident plaintiffs obtained Plavix through California physicians or any other California source; nor did they claim that they were injured by Plavix in California or were treated for their injuries in California. Asserting lack of jurisdiction, Bristol-Myers moved to quash service on the non-residents' claims. The case moved through the California state system and concluded with the California Supreme Court holding that while the California courts lacked general jurisdiction over the non-resident cases, nevertheless the courts had specific jurisdiction over Bristol-Myers to hear the cases. The court adopted a "sliding scale" approach to finding specific jurisdiction, holding that the strength of the connection between the forum and the specific claims at issue is relaxed where a defendant has extensive forum contacts, even though those contacts are unrelated to the specific claims at issue.

The United States Supreme Court, in reversing, pointed out that a court must consider a variety of interests in determining whether personal jurisdiction is present, including those of the

forum state, the defendant, and the plaintiff. However the primary concern is the burden on the defendant. In addition to the practical problems of litigating in the out-of-state forum, the court must consider "the more abstract matter of submitting to the coercive power of a State that may have little legitimate interest in the claims in question," *i.e.,* a consequence of territorial limitations on the power of the respective States. The Court went on to find that the Due Process Clause, "acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment." The court then noted that the plaintiffs were non-residents and did not claim that they suffered harm in California and all conduct giving rise to the non-resident claims occurred elsewhere. Finally, the court noted that the California and out-of-state plaintiffs were free to join together in a state that had general jurisdiction over the defendant or the out-of-state plaintiffs could join together in their home states to sue Bristol-Myers.

The Plaintiff, in response to the Defendants' citation of *Bristol-Myers Squibb,* points out that there is a major distinction between that case and the instant case. Bristol-Myers involved mass tort actions and not putative class actions, a point raised by Justice Sonia Sotomayor in her dissent.

Plaintiff cites to a Northern District of California case, *Fitzhenry-Russell v. Dr. Pepper Snapple Group, Inc.,* 2017 WL 4224723 (Sept. 22, 2017) and an Eastern District of Louisiana case, *In re Chinese-Manufactured DryWall Products,* 2017 WL 5971622, both of which refused to apply Bristol-Myers to nationwide class action cases.

The Defendants, however, cite a case from this District, *McDonnell v. Nature's way Products, LLC,* 2017 WL 4864910 (N.D. Ill. October 26. 2017) which applied *Bristol-Myers Squibb* to a remarkably similar case to the one at bar. This case involved a putative nationwide class action brought by the purchasers of a vitamin supplement that was manufactured outside of the United States contrary to the label which stated that the product was manufactured in the United States. The claim was that this false advertising violated the Illinois Consumer Fraud and Deceptive Practices Act as well as the consumer fraud statutes of seven other states. Relying on *Bristol-Myers Squibb* the court dismissed the claims of the non-resident class.

The Court finds that the applicability of *Bristol-Myers Squibb* to this case is a close question. The Court understands the argument that there is a distinction between a mass tort action that was present in *Bristol-Myers Squibb* and a nation-wide class action that is present here. As noted in the *Chinese*

- 5 -

*Dry Wall* case to qualify as a class action the plaintiff must meet the requirements of Rule 23, numerosity, typicality, adequacy of representation, predominance and superiority. Mass torts on the other hand will be hard pressed to establish typicality and predominance due to the almost certain differences in damages.

The Court believes that it is more likely than not based on the Supreme Court's comments about federalism that the courts will apply *Bristol-Myers Squibb* to outlaw nationwide class actions in a form, such as in this case, where there is no general jurisdiction over the Defendants. There is also the issue of forum shopping, which was mentioned in the *Chinese DryWall* case as a basis for distinguishing mass torts from class actions, but possible forum shopping is just as present in multi-state class actions. Consequently, to the extent that Counts I, III and IV seek to recover on behalf of out-of-state plaintiff classes, the Motion to Dismiss is granted.

### B. Count II – Injunctive Relief

Defendants' next contention is that Plaintiff lacks standing to pursue injunctive relief because there are no allegations that Plaintiff is likely to suffer future harm at the hands of the Defendants. In support Defendants cite this court's decision in *Mednick v. Precor, Inc.,* 2016 WL 5490955

(N.D. Ill. Sept. 27, 2016). Plaintiff responds citing a number of cases that hold the opposite to *Mednick, e.g., Leineer v. Johnson & Johnson Consumer Co.,* 215 F.Supp.3d 670 (N.D. Ill. 2016). It is therefore an open question in this district. However for the reasons set forth in *Mednick,* the Court believes that the Plaintiff here does not have standing to seek injunctive relief. As in *Mednick,* the Plaintiff makes no allegations of any potential future injury. The only mention in the Complaint is in paragraph 74 in which Plaintiff merely states that he "seeks to enjoin Defendants' ongoing deceptive practices relating to its claims on the Product's labels and advertising." As a practical matter Plaintiff would be hard pressed to argue that he is in danger of being fooled again by Defendants' products. Moreover, if it is true that Defendants violated the Illinois Consumer Protection Act, they would be certain to modify their advertising in the future due to possible future liability to others consumers. The Court therefore strikes the claim for injunctive relief in Count II.

## C.  Count III – Express Warranty

Defendants' next contention is that Count III seeking recovery for violation of an express warranty cannot stand because Plaintiff failed to provide Defendants with pre-suit notice of his contention that Defendants breached an express

warranty as required by Illinois law, 810 ILCS 5/2-607(3)(a). Plaintiff responds by contending that he is exempt from the notice requirement because the Defendants had actual knowledge of the product's defect, citing *Stella v. LVMH Perfumes and Cosmetics USA, Inc.,* 564 F.Supp.2d 833, 837 (N.D. Ill. 2014). Plaintiff's theory is that Defendants knew that their claims that their product is the "ultimate recovery fuel" and "Boosts Post-Workout Recovery" were "blatantly false."

The Illinois Supreme Court decision in *Connick v. Suzuki Motor Co., Inc.,* 174 Ill. 2d. 482 (1996), explained that the "notice of the breach required is not of the facts, which the seller knows quite as well as, if not better than, the buyer, but of buyer's claim that they constitute a breach." The Seventh Circuit applied this reasoning in *Anthony v. Country Life Manufacturing, LLC.,* 70 F.Appx. 379 (2003), a case involving nutritional bars. The Court held that even though the defendant may have been aware of the trouble with the specific product, the notice requirement "is satisfied only when the manufacturer is somehow apprised of the trouble with the particular product purchased by a particular buyer." A manufacturer's knowledge of its own ingredients is insufficient under Illinois law to constitute actual knowledge of the alleged defect. The Motion to Dismiss Count III is granted.

### D.  Count IV – Unjust Enrichment

The final objection on Defendants' part is their claim that Count IV, unjust enrichment, must be dismissed as it applies to the nationwide class allegations.  Since the Court has dismissed the nationwide allegations, the Court need not deal with this count any further.

### III.  <u>CONCLUSION</u>

For the reasons stated herein, Defendants' Motion to Dismiss is granted as to the allegations in Counts I, III, and IV as to the putative national class of Plaintiffs.  The Motion to Dismiss is granted as to Count III, breach of warranty, without prejudice.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated:  1/18/18

- 9 -